Filed 7/14/23  P. v. Maldonado CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN PABLO MALDONADO,<br><br>    Defendant and Appellant. | B320031<br><br>(Los Angeles County<br>Super. Ct. No. YA069639) |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Daniel C. Chang and Nicholas J. Webster, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant Juan Pablo Maldonado appeals from the trial court's order denying his Penal Code section 1172.6[1] (former section 1170.95[2]) petition for resentencing on two voluntary manslaughter convictions.  We reverse.

# II.  BACKGROUND

The following background is taken from our prior opinion in this case:

"In October 2007, defendant was charged with several offenses including two counts of murder (§ 187, subd. (a)) arising from a robbery during which two people were killed.[Fn. omitted.] Pursuant to a plea agreement, the murder charges were dismissed and defendant pleaded guilty to, among other charges, two counts of voluntary manslaughter.  (§ 192, subd. (a).)  In June 2014, the trial court sentenced defendant to 25 years, eight months in state prison." (*People v. Maldonado* (Sept. 23, 2020, B301054) [nonpub. opn.] (*Maldonado I*).)

In February 2019, defendant filed a section 1172.6 petition seeking resentencing on his voluntary manslaughter convictions. The trial court denied the petition and defendant appealed.  We affirmed the court's order because section 1172.6 did not apply to

---

[1]     All further statutory references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  Further references will be to the statute's current section number only.

voluntary manslaughter convictions.  (*Maldonado I, supra*, B301054.)

Effective January 1, 2022, Senate Bill No. 775 (Senate Bill 775) amended section 1172.6 to extend eligibility for resentencing relief to persons convicted of voluntary manslaughter.  (Stats. 2021, ch. 551.)

On March 2, 2022, defendant filed a second section 1172.6 petition for resentencing.  The trial court summarily denied the petition on the ground that it presented "successive" claims that "were raised and rejected in a prior habeas petition . . . ."

Defendant timely filed an appeal from the trial court's order denying his second section 1172.6 petition for resentencing.

## III.   DISCUSSION

Defendant contends, the Attorney General concedes, and we agree that in light of Senate Bill 775's amendments to section 1172.6, the trial court erred in denying defendant's second section 1172.6 petition for resentencing as successive (see *People v. Farfan* (2021) 71 Cal.App.5th 942, 946–947 [a second resentencing petition based on a new legal theory is not procedurally barred as a successive petition]) and defendant is entitled to a remand for further proceedings on his voluntary manslaughter convictions.

## IV.   DISPOSITION

The order denying defendant's second section 1172.6 petition is reversed and the matter is remanded to the trial court to conduct further proceedings under section 1172.6.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:


RUBIN, P. J.


MOOR, J.